**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KHADDY GARCIA,                    :
                                              Civil Action No. 08-5761 (JEI)
            Petitioner,      :

            v.                :      **OPINION**

PAUL SCHULTZ,                     :

            Respondent.      :

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Khaddy Garcia
20 Toler Place
Newark, NJ 07114

**IRENAS,** District Judge

    Petitioner Khaddy Garcia, a prisoner formerly confined[1] at

the Federal Correctional Institution at Fairton, New Jersey, has

submitted a Petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.[2]  The sole respondent is Warden Paul Schultz.

---

    [1] Effective January 26, 2009, Petitioner was transferred to
a half-way house to finish his sentence.

    [2] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the
    Supreme Court, any justice thereof, the district courts
    and any circuit judge within their respective
    jurisdictions.
    (c) The writ of habeas corpus shall not extend to a
    prisoner unless-- ... (3) He is in custody in violation
    of the Constitution or laws or treaties of the United
    States ... .

Petitioner seeks credit against his federal sentence for time spent in state custody, after a state judge imposed a sentence to run concurrently with an already-imposed federal sentence.  In the alternative, Petitioner seeks designation of the state facility, nunc pro tunc, as a place for service of his federal sentence.  For the reasons expressed below, the Petition shall be denied.

## I.   BACKGROUND

On May 25, 2005, Petitioner was arrested by New Jersey authorities on state charges of theft by deception, forgery, and writing bad checks.  Less than one month later, on June 16, 2005, while Petitioner remained in state custody, he was indicted by federal authorities on charges of wire fraud.  On June 27, 2005, the state charges were dismissed and Petitioner was released to federal custody.

On February 3, 2006, Petitioner entered a guilty plea on the pending federal charge.  See United States v. Garcia, No. 06-cr-0082 (JEI).  On that same day, he was released on bond, awaiting sentencing.

On April 21, 2006, Petitioner was arrested by New Jersey authorities on new state charges of wrongful impersonation, theft by deception, and employing a juvenile to commit a crime.

On July 21, 2006, Petitioner was borrowed from state custody pursuant to a federal writ of habeas corpus ad prosequendum for

sentencing on the federal wire fraud charges.  He was sentenced to a 37-month term of imprisonment and returned to state custody that same day, with a federal detainer.  The federal judgment, entered July 26, 2006, was silent as to the pending state charges.

On October 2, 2006, Petitioner pleaded guilty to the state charge of theft by deception arising out of the April 21, 2006, arrest; the remaining charges were dismissed.  On January 5, 2007, Petitioner was sentenced in state court to a five-year term of imprisonment.  The state judgment ordered that the state sentence was to run concurrently with Petitioner's federal sentence.

Petitioner remained in state custody, serving the state sentence, until January 7, 2008,[3] when he was paroled from his state sentence to federal custody, to begin serving the federal sentence.

Federal authorities determined that Petitioner's sentence began to run on January 7, 2008, when he was paroled from his state sentence to federal custody.  Federal authorities determined that Petitioner was entitled to prior custody credit from May 27, 2005, the date of his initial arrest, until February

---

[3] State authorities gave Petitioner credit, against his state sentence, for time served from April 21, 2006, the date of arrest, through July 21, 2006, the date he was borrowed by federal authorities, pursuant to the writ of habeas corpus ad prosequendum, for federal sentencing.

3, 2006, the date he was released on bond. Federal authorities also determined that Petitioner was entitled to prior custody credit from July 22, 2006, until January 4, 2007, when he was in state custody,[4] because the state had not credited him for that period of time. Taking these credits and anticipated good time credits into account, Petitioner's anticipated release date is July 21, 2009.

After being apprised of his anticipated release date, Petitioner pursued his administrative remedies, asserting (1) that he was entitled to credit for the entire period he was in state custody, and (2) that he was entitled to a nunc pro tunc designation of the state facility as a place for serving his federal sentence. Petitioner contended that his correct anticipated release date should be July 21, 2008, one year earlier than Bureau of Prisons authorities had calculated. Petitioner's request for a nunc pro tunc designation was forwarded to the Designation and Sentence Computation Center for review and determination. Bureau of Prisons authorities denied the request because (1) the fraudulent wire transfer resulted in a loss of $470,000, (2) Petitioner's criminal record reflected

---

[4] Although Petitioner alleges that he remained housed in a federal facility after his federal sentencing, until October 2, 2006, the records of the U.S. Marshals Service Prisoner Tracking System clearly reflect that Petitioner was returned to state custody on July 21, 2006. (Answer, Decl. Of Forest B. Kelly, Ex. 3.) In any event, federal authorities credited Petitioner for that time, because state authorities did not.

several offenses, dating back to age 14, and (3) the sentencing court was neutral regarding a retroactive designation.

This Petition, asserting the same claims, followed. Respondent has answered, Petitioner has replied, and this matter is ready for decision.

## II.   ANALYSIS

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

> > (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which
> the defendant was arrested after the
> commission of the offense for which the
> sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

Here, the BOP properly determined that Petitioner's federal sentence commenced on January 7, 2008, and properly refused under § 3585 to credit Petitioner with time during which Petitioner was in the primary custody of state authorities and that had been credited toward his state sentence.

When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant. See Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996) and cases cited therein.

> Primary jurisdiction remains vested in the
> [jurisdiction] which first arrested the defendant until
> that jurisdiction relinquishes it priority by, e.g.,
> bail release, dismissal of the state charges, parole
> release, or expiration of the sentence. ... Producing
> a state prisoner under writ of habeas corpus ad
> prosequendum to answer federal charges does not
> relinquish state custody.

Chambers, 920 F.Supp. at 622 (citations omitted).

Federal authorities obtained primary custody of Petitioner on June 27, 2005, when state authorities dismissed state charges and released Petitioner to federal custody. Federal authorities relinquished their primary custody rights over Petitioner,

6

however, when they released him on bail on February 3, 2006.

Thus, the state government acquired primary jurisdiction over

Petitioner when it later arrested him on April 21, 2006, and

retained primary custody when it produced Petitioner pursuant to

the writ of habeas corpus ad prosequendum. The BOP properly

credited Petitioner with the time spent in state custody after

his federal sentencing which was not credited to his state

sentence, not because he was in primary federal custody during

that time, which he was not, but because that time was not

credited to his state sentence.

"Multiple terms of imprisonment imposed at different times

run consecutively unless the Court orders that the terms are to

run concurrently." 18 U.S.C. § 3584(a). A federal court's

authority to order that terms of imprisonment imposed at

different times shall run concurrently is limited, however, to

cases in which the federal term of imprisonment is imposed on a

defendant who is already subject to an undischarged term of

imprisonment. 18 U.S.C. § 3584(a). Where a state sentence has

not yet been imposed, a federal court has no authority to order

that its term of imprisonment shall run concurrently with a term

of imprisonment that may be imposed in the future with respect to

pending state charges. See Romandine v. United States, 206 F.3d

731, 737 (7th Cir. 2000); United States v. Quintero, 157 F.3d

1038 (6th Cir. 1998); United States v. Smith, 101 F.Supp.2d 332,

342-47 (W.D. Pa. 2000); United States v. McBride, 2000 WL 1368029 (E.D. Pa. Sept. 13, 2000). Cf. Barden v. Keohane, 921 F.2d 476, 484 (3d Cir. 1990) (noting that "the sentencing court not only was unable to order concurrency because it sentenced Barden before the state did but was actually powerless to do so"). Contra United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.), cert. denied, 516 U.S. 826 (1995). Here, where there was no pending state sentence at the time the federal sentence was imposed, the federal court had no authority to order the federal sentence to run concurrently to a state sentence that might be imposed in the future.

The BOP, however, in the exercise of its discretion, has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which a federal prisoner such as Petitioner served an earlier state sentence. See Barden, 921 F.2d at 480-83 (a defendant is entitled to "fair treatment" on his application for a nunc pro tunc designation); 18 U.S.C. § 3621(b).[5] The decision of the BOP is subject to judicial review only for abuse of discretion. Barden, 921 F.2d at 478.

---

[5] Section 3621(b) provides that, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ... ."

Pursuant to BOP Program Statement 5160.05, "State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system."   P.S. 5160.05 ¶ 3(a) (2003).   The BOP's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.   The Program Statement specifically addresses requests by prisoners for a nunc pro tunc designation.

> (4) **Inmate Request**.   Occasionally, an inmate may request a nun pro tunc (i.e., occurring now as though it had occurred in the past) designation.   As a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.
>
> > (a) In <u>Barden</u>, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.
> >
> > > - However, there is no obligation under <u>Barden</u> for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.
> >
> > (b) This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution. Information will be gathered, if available, to include:
> >
> > > - a copy of the federal and state J&Cs
> > > - the State sentence data record to include jail credit, and
> > > - any other pertinent information relating to the federal and state sentences.
> >
> > (c) In making the determination, if a designation for concurrent service may be

appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections.  Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

> (d) If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

> (e) No letter need be written if it is determinated that a concurrent designation is not appropriate. ...

P.S. 5160.05, ¶ 9(b).  With respect to state court pronouncements that state sentences are to run concurrently with federal sentences, the Program Statement notes that, "Just as the federal government has no authority to prescribe when a state sentence will commence, the state has no authority to order commencement of a federal sentence."  P.S. 5160.05, ¶ 7(g).

Here, Petitioner's request for credit was treated as a request for such a nunc pro tunc designation.  The BOP properly contacted the sentencing court for its position, which was neutral to Petitioner's request, and properly reviewed Petitioner's criminal history to determine whether a nunc pro tunc designation would be consistent with the intent of the sentencing court and the goals of the criminal justice system. Petitioner has not identified any material information that was

10

overlooked or discounted.   Petitioner has not established any abuse of discretion in the BOP's consideration of his request. Petitioner is not entitled to relief in this matter.

### III.   CONCLUSION

For the reasons set forth above, the Petition will be denied.   An appropriate order follows.

_____
Joseph E. Irenas
United States District Judge

Dated:  March 4, 2009

11